IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

DAVID J. MURRAY,

                Plaintiff,

v.                                                                                          ORDER

UMR, INC.,                                                                    23-cv-813-jdp

                Defendant.

---

Plaintiff David Murray asserts claims for breach of contract and bad faith against defendant UMR, Inc., the administrator of his former employer's group health insurance policy. He alleges that UMR failed to pay medical bills that it was required to pay under the health insurance policy. Murray filed this action in the Circuit Court for Wood County, Wisconsin, but UMR removed it to this court, asserting that Murray's claims were completely preempted by ERISA.

UMR now moves to dismiss Murray's state law claims as preempted by ERISA. Dkt. 4. Murray did not respond to the motion to dismiss. If a plaintiff fails to respond to a motion to dismiss, and the defendant gives plausible reasons for dismissing the plaintiff's claims, the court may grant the motion. *Alioto v. Town of Lisbon*, 651 F.3d 715 (7th Cir. 2011). UMR has given plausible reasons why Murray's state law claims are preempted by ERISA, so the court will dismiss those claims.

This leaves the question of whether Murray's entire complaint should be dismissed. Murray asserts only state law claims in the complaint, and those claims must be dismissed. But the court does not have to dismiss a complaint or require amendment simply because a plaintiff's state law claims are preempted by ERISA, if the allegations in the complaint could

support a claim under ERISA. *McDonald v. Household Int'l, Inc.*, 425 F.3d 424, 428 (7th Cir. 2005). Nor are the parties' positions clear. UMR's motion to dismiss asks the court to "dismiss Plaintiff's Complaint," Dkt. 4, but its brief argues only that "Plaintiff's state law claims must be dismissed." Dkt. 6, at 1. And as for Murray, he has not filed a response to the motion to dismiss or an amended complaint, so it is not clear whether he wishes to proceed with claims under ERISA.

Murray's allegations suggest that he may be able to support a claim under ERISA, so the court will not dismiss the complaint. But to clarify the issues remaining in this case, the court will give Murray two weeks to file an amended complaint or to otherwise update the court as to his intention to proceed with claims under ERISA. If Murray does not respond, the court will assume that he does not wish to proceed with claims under ERISA and will dismiss this case.

ORDER

IT IS ORDERED that:

1. Defendant UMR, Inc.'s motion to dismiss plaintiff's state-law breach of contract and obstruction/bad faith claims, Dkt. 4, is GRANTED.

2. Plaintiff David Murray has until September 5, 2024 to file an amended complaint or to otherwise update the court as to his intention to proceed with claims under ERISA.

Entered August 22, 2024.

BY THE COURT:

/s/

_____
JAMES D. PETERSON
District Judge